UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NL PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 865 |
| | ) | |
| BRIDGE, STRUCTURAL & | ) | Judge: Guzman |
| REINFORCING IRON WORKERS | ) | Magistrate: Mason |
| LOCAL UNION NO.1, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ANSWER

NOW COMES the defendant, Bridge, Structural & Reinforcing Iron Workers Local Union #1 ("Union") for its answer to the complaint, states as follows:

1. Plaintiff NL Properties, LLC, a limited liability company organized and existing under the laws of the State of Illinois, and authorized to do business in the State of Illinois, brings this action pursuant to Section 303 of the Labor Management Relations Act, 29 U.S.C. § 187, tore cover damages and the cost of this suit incurred as the result of an illegal picketing engaged in by the Union.

**ANSWER**: Defendant denies that there was an illegal picket or that plaintiff was damaged as a result. Defendant admits the remaining allegations of paragraph one.

2. Plaintiff is engaged in commerce and activities affecting commerce within the meaning of Section 2(6) and (7) of the National Labor Relations Act, 29 U.S.C. § 152(6)

and (7),in that in the course and conduct of its business, it purchases and receives products that move in interstate commerce.

**ANSWER**:   Defendant admits the allegations of paragraph two.

3. Defendant Union is an unincorporated association representing employees in industries affecting commerce and thus is a "labor organization" within the meaning of Section2 (5) of the National Labor Relations Act, 29 U.S.C. § 152(5). The Union has its principal place of business at 7720 Industrial Drive, Forest Park, IL 60130.

**ANSWER**:   Defendant admits the allegations of paragraph three.

4. Jurisdiction is conferred on this Court pursuant to the provisions of Section 303ofthe Labor Management Relations Act, 29 U.S.C. § 187, and pursuant to 28 U.S.C. § 1331,relating to civil actions arising "under the Constitution, laws or treatises of the United States," and 28 U.S.C. § 1337, relating to civil actions or proceedings "arising under any act of Congress regulating commerce."

**ANSWER**:   Defendant admits the allegations of paragraph four.

5. Venue is appropriate in this Court in that the Union's principal place or business is located within the Northern District of Illinois and all actions complained of took place within the Northern District of Illinois.

**ANSWER**:   Defendant admits the allegations of paragraph five.

6. Plaintiff is engaged in a construction project known as the Northlake Data Center Construction Site located at 601 Northwest Avenue, Northlake, Illinois.

**ANSWER**: Defendant is without knowledge sufficient to form a belief as to the allegations of paragraph six and therefore neither admits nor denies same but demands strict proof thereof.

7. To perform its obligations with regard to the Northlake Data Center Construction Site project, Plaintiff contracted with various companies to perform construction-related work. These companies include: (a) FCL Builders, whose employees are represented by unions of the Chicago and Cook County Building and Construction Trade Council (an association of Chicago area construction labor unions with offices at 150 N. Wacker Drive, Suite 1850, Chicago, IL60606); and (b) MJ Electric, whose employees are represented by the International Brotherhood of Electrical Workers ("IBEW"), Local No. 9. MJ Electric, in turn, subcontracted some of its work to Eilertson, Inc., whose employees are also represented by IBEW, Local No. 9. Some work on the Northlake Data Center Construction Site project is also being performed by Turner Construction, whose employees are also, represented by Chicago and Cook County Building and Construction Trade Council unions.

**ANSWER**: Defendant is without knowledge sufficient to form a belief as to the allegations of paragraph seven and therefore neither admits nor denies same but demands strict proof thereof.

8. One of the tasks being performed by MJ Electric and Eilertson involves building a utility power substation. Work on the power substation includes properly installing reinforcing steel to aid the structural integrity of the substation's concrete foundation. MJ Electric and Eilertson believe that their employees (represented by

IBEW, Local No. 9) are entitled to perform this work under Article III (entitled "Scope of Work," at 4) of their 2007-10 collective bargaining agreement with the Middle States Electrical Contractors Association of the City of Chicago. IBEW Local No. 9 is a member of this Association.

**ANSWER**: Defendant is without knowledge sufficient to form a belief as to the allegations of paragraph eight and therefore neither admits nor denies same but demands strict proof thereof.

9. Defendant is a member of the Chicago and Cook County Building and Construction Trade Council (AFL-CIO). At a meeting held on February 4, 2008, a representative from the Chicago and Cook County Building and Construction Trade Council (AFL-CIO) proposed that Plaintiff enter into a project labor agreement that would require that all work on the Northlake Data Center Construction Site be assigned to Chicago area building trade unions. Such an agreement would have the effect of requiring MJ Electric and Eilertson to remove the disputed reinforcing steel work from IBEW Local No. 9 and give it to other unions.

**ANSWER**: Defendant denies the allegations of paragraph nine, except it admits that it is a member of the Chicago and Cook County Building and Construction Trades Council.

10. Plaintiff refused to enter into such an agreement. However, Jerry Byrne of IBEW Local No. 9, and Mike Daughtery, of IBEW District 6 (of which IBEW Local No. 9 is a part),offered to resolve the jurisdictional dispute through AFL-CIO international jurisdictional dispute procedures. The Chicago and Cook County Building and

Construction Trade Council representative refused this offer, stating that this AFL-CIO recognized procedure would not be honored in the Chicago area.

**ANSWER**: Defendant is without knowledge sufficient to form a belief as to the allegations of paragraph ten and therefore neither admits nor denies same but demands strict proof thereof.

11. On February 8, 2008, at approximately 6:00 am., Defendant commenced illegal picketing at the project site. Defendant's picketing is designed to coerce Plaintiff to have the disputed work performed by employees represented by Defendant. Defendant also inflated two large rats approximately 10 feet tall at the project site.

**ANSWER**:   Defendant denies the allegations of paragraph eleven.

12. Defendant's picketing caused employees of other neutral employers (including but not limited to Turner Construction and FCL Builders) to refuse to pick up, deliver, and transport goods, and to refuse to perform services, on and to the project. Indeed, only MJ Electric and Eilertson employees were willing to continue to work given Defendant's picketing.

**ANSWER**:   Defendant denies the allegations of paragraph twelve.

13. By its acts and conduct, Defendant has threatened, coerced, and restrained Plaintiff and other persons engaged in commerce or in an industry affecting commerce with the object of forcing and requiring Plaintiff to cease doing business with MJ Electric and Eilertson or to have employees represented by a union other than IBEW Local No. 9 perform the work in question.

**ANSWER**:   Defendant denies the allegations of paragraph thirteen.

14. Further, by its acts and conduct, Defendant has induced and encouraged individuals employed by neutral employers (including Turner and FCL Builders), their supplier sand subcontractors, and other persons engaged in commerce or industry affecting commerce, to engage in a strike or a refusal in the course of their employment to use, process, transport or other wise handle or work on goods, articles, materials, or commodities or to perform any service, with the object of forcing and requiring Plaintiff to cease doing business with MJ Electric and Eilertson or to have employees represented by a union other than IBEW Local No. 9 perform the work in question.

**ANSWER**:  Defendant denies the allegations of paragraph fourteen.

15. Said conduct by the Union referenced in the foregoing paragraphs was and is a violation of Sections 8(b)(4)(D) of the National Labor Relations Act, 29 U.S.C. §§ 158(b)(4)(D).Pursuant to 29 U.S.C. § 187, Plaintiff is entitled to bring suit to enforce the provisions of 29U.S.C. § 158(b)(4)(D).

**ANSWER**:  Defendant denies the allegations of paragraph fifteen.

16. As a direct and proximate result of the aforesaid unlawful acts and conduct of the Defendant, the project has been interrupted, and the business of Plaintiff interfered with, causing Plaintiff damages in an amount equal to at least $100,000 for each day that the project is stopped, and causing Plaintiff to incur expenses, attorneys' fees, and costs

in initiating and pursuing this action. Plaintiff's damages will continue to accrue from day to day.

**ANSWER**:   Defendant denies the allegations of paragraph sixteen.

Wherefore, Defendant requests this court deny the relief sought by the Plaintiff, that judgment be entered in favor of the defendant, and for such further relief as this court deems just.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | s/Frank A. Marco_____ |
| Frank A. Marco | Frank A. Marco |
| ARDC # 6205057 | Attorney for Defendant |
| Gregorio and Associates |  |
| Attorney at Law |  |
| 2 North LaSalle, Suite 1650 |  |
| Chicago, IL 60602 |  |
| (312)263-2343 |  |